————o————

No. 6098.

## PANAMA SASH & DOOR CO. vs. UNITED STATES FIDELITY & GUARANTY CO.

### Syllabus.

1. Compensation takes place of right between debts equally due and exigible, unless the interests of third persons be prejudiced thereby.

2. A person suffers no prejudice, who might have taken steps to protect his own interests but failed to do so.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 101,089. Hon. Porter Parker, Judge.

A. D. Danziger, for plaintiff and appellee.

J. Zach Spearing, for defendant and appellant.

K. V. Richard, attorney.

His Honor, JOHN ST PAUL, rendered the opinion and decree of the Court, as follows:

. This is a suit by a furnisher of materials against the surety on a building contract.

Plaintiff's claim and defendant's liability do not appear to be seriously contested, but at any rate the claim is fully established and plaintiff has complied with all the provisions of law necessary to fix defendant's liability.

. The surety has no interest in the recordation of the bond. See **8 Court of Appeal, p. 76, also p. 271.**

The surety however has called the owner in warranty (without objection) and shown that when the first installment upon the building became due the owner paid no money to the contractor, but with the latter's consent, compensated that debt by an outstanding claim which he himself had against the contractor.

Out of this fact it is argued that the owner is liable to the surety for whatever the latter is called upon to pay to plaintiff.

Just why this should be is not made clear.

The parties undoubtedly had a right to compensate their mutual indebtedness, in fact the law itself did it for them (C. C., 2208), unless the surety was prejudiced thereby (C. C., 2215).

But, on the one hand, the owner could not refuse to make the payment, and the contractor was free to pay whom he pleased, even if insolvent (C. C., 1986).

On the other hand, the surety had a right to protect itself by stopping the payment if it feared the insolvency of the contractor (C. C., 3057, No. 2); or it might even

have protected itself by inserting in its contract some provision which gave it control of the payment.

So that whatever prejudice the surety suffered, was through its own inaction, or want of foresight; for which the owner is in no way answerable.

The latter had certainly the right to collect the debt which was due him, and was under no obligation to the surety to follow up the contractor and see that he paid the furnishers of materials, that was pre-eminently the duty and interest of the surety, with which the owner had no concern.

The maxim "volenti non fit injuria" applies here. A person suffers no prejudice who might have taken steps to protect his own interest but failed to do so.

Judgment affirmed.

Opinion and decree, June 26th, 1914.

Rehearing granted, July 17th, 1914.